**KREINDLER**

KREINDLER & KREINDLER LLP | 485 Lexington Avenue | New York, NY 10017-2629
office: 212.687.8181 | fax: 212.972.9432 | www.kreindler.com

**MEMO ENDORSED**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/9/25

June 30, 2025

**Via ECF**
Magistrate Judge Barbara Moses
Daniel Patrick Moynihan Courthouse
500 Pearl Street, Room 740
New York, NY 10007
Telephone: (212) 805-0228

> The Court has received and reviewed plaintiff's letter-motion for a Rule 37 discovery conference. Defendants did not file any opposition. The application is GRANTED to the extent that defendants must serve their supplemental and second discovery responses no later than **July 23, 2025**, and must produce Lt. Rau for deposition no later than **August 6, 2025**, on a date reasonably convenient to the witness and both counsel. SO ORDERED.
>
> _____
> Barbara Moses
> United States Magistrate Judge
> July 9, 2025

**Re:** **Cory Harvey, as Surviving Spouse and Personal Representative of the Estate of Keith Harvey, Deceased, and on Behalf of C.H.1 And C.H.2, Surviving Minor Children of Keith Harvey v. Metropolitan Transit Authority a/k/a MTA, Long Island Railroad d/b/a MTA Long Island Railroad (LIRR), and National Railroad Passenger Corporation d/b/a Amtrak**
**Docket No.: 1:24-cv-08838-LAK-BCM**

Dear Magistrate Judge Moses:

As you may recall, we represent Plaintiff Cory Harvey, whose husband, Keith Harvey, was fatally injured on December 15, 2023, when a LIRR train struck him as he entered the train platform at the bottom of the staircase at New York Penn Station between Tracks 17 and 18. Video shows him descend the stair case and turn right at the bottom when he was immediately struck by the moving LIRR train. This particular staircase was unusual and did not employ guardrails parallel to the tracks to protect descending staircase pedestrians.[1] Mr. Harvey was dragged downward between the train and the platform on Track 18. He later expired from his injuries.

Plaintiff originally filed her complaint in state court on October 17, 2024. Thereafter, Plaintiff agreed to extend the time to Answer for Defendants MTA and LIRR, in exchange for defense counsel's promise to produce certain evidence in response to Plaintiff's discovery requests. Most important of the evidence promised was the video footage depicting the incident which led to Mr. Harvey's wrongful death. The case was then removed to federal court by Amtrak on November 20, 2024, which Plaintiff did not oppose. Despite Plaintiff's multiple requests to the MTA and LIRR for responses to her discovery requests, and at the very least, the video footage, her requests went unanswered. Plaintiff then moved this court on January 8, 2025, for an initial conference. The parties appeared before Your Honor at the initial conference on February 27. It was only after this conference, and upon the Court's order, that Defendants MTA and LIRR produced the video footage.

At the time of the initial conference, the attorneys of record were Wayne L. Gladstone, Angele N. Chapman, and J. Christopher Nosher of Kiernan Trebach LLP for Defendant Amtrak; and Karla Alston of Krez Flores, LLP for Defendants MTA and LIRR. Since then, all attorneys

---

[1] Plaintiff is prepared to provide the Court with video excerpts, snapshots and photos of the incident and other staircases on the platform in an effort to answer some of the Court's pre-mediation questions at the Court's request.

from Kiernan Trebach LLP requested their appearances be struck by the Court, and Amtrak tendered its defense to Krez Flores, LLP, and Karla Alston became the sole attorney of record for all defendants.

In accordance with the Court's Initial Case Management Order (Dkt. no. 23), Plaintiff served her initial requests for production and interrogatories on March 26, and the parties exchanged discovery responses on April 25. On May 6, Plaintiff emailed Ms. Alston requesting a meet-and-confer regarding deficiencies in Defendants' responses. The parties conferred via telephone on May 9, and Plaintiff agreed to give Defendants thirty (30) days to supplement their initial responses, sixteen (16) of which were deficient. On May 12, Plaintiff served additional discovery requests.

On June 12, Plaintiff inquired via email on the status of Defendants' supplemental and second discovery responses, and to request the availability of defense witness, MTA Police Officer Lt. Rau, for deposition. On June 16, Ms. Alston responded she would have to follow-up with her clients about the supplemental production and that Plaintiff would need to serve a notice of deposition for Lt. Rau, but that Ms. Alston had limited availability in July. That same day, Plaintiff provided Ms. Alston with seven (7) possible dates for Lt. Rau's deposition, asked that Ms. Alston let Plaintiff know if any of those dates worked, and again inquired about the outstanding discovery. On June 17, Ms. Alston responded that she would keep Plaintiff "posted" on when she could anticipate serving the supplemental response, and that *she* would possibly be available on July 7 or July 10 for Lt. Rau's deposition, but that she had to confirm the witness's availability.

On June 23, Plaintiff inquired again via email as to when Ms. Alston would provide the outstanding discovery and deposition availability. Ms. Alston responded that she had no idea. That same day, Plaintiff served a notice of deposition for Lt. Rau for July 10, the later date that Ms. Alston indicated could possibly work with her schedule, and asked that Ms. Alston not only confirm Lt. Rau's availability, but provide a date certain for when Plaintiff could expect to receive the outstanding discovery. This email went unanswered.

In the early morning of June 30, Plaintiff again emailed Ms. Alston to inquire whether she was able to confirm Lt. Rau's availability for deposition, and whether she had a date certain for when she would be able to serve supplemental responses. Ms. Alston replied that she still could not provide a date for compliance. Later that afternoon, Plaintiff's counsel called Ms. Alston to inquire about the status of her requests for supplemental responses, and specifically whether her clients had received their requests and whether there was any timeline within which Plaintiff could expect to receive the outstanding discovery. Ms. Alston indicated that she did not have any date or timeframe to provide, and that she did not expect to hear from her clients until after the holidays. Ms. Alston also indicated that given the fact that this week is a holiday, she did not see Lt. Rau's deposition "happening" on July 10—a date she suggested—but was unable to offer any alternative dates.

It is now three months since Plaintiff served her initial discovery requests, and over a month after the 30 additional days Plaintiff agreed to give Defendants to supplement their responses. Despite repeated attempts at resolution, Plaintiff currently has no indication of when she can expect to receive the outstanding discovery or the availability of the first defense witness Plaintiff seeks

to depose.[2] Plaintiff anticipates deposing several defense witnesses and that paper discovery will be voluminous. Without cooperation from Defendants, Plaintiff continues to be prejudiced and unable to move her case forward in a timely manner under the Court's current scheduling order.

       Plaintiff respectfully requests a pre-motion discovery conference with Your Honor pursuant to Local Civil Rule 37.2.

       Respectfully submitted,
       KREINDLER & KREINDLER LLP

By: _____
Andrew J. Maloney, III, Esq.
Taylor Sandella, Esq.
485 Lexington Avenue
New York, New York 10017
(212) 973-3438

*Attorneys for Plaintiff*

CC:

Karla R. Alston, Esq.
Krez & Flores, LLP
225 Broadway, Suite 2800
New York, NY 10007
212-266-0400
kalston@krezflores.com

*Attorneys for Defendants*
*METROPOLITAN TRANSIT AUTHORITY, a/k/a MTA,*
*LONG ISLAND RAILROAD d/b/a MTA Long Island Railroad,* and
*NATIONAL RAILROAD PASSENGER CORPORATION,*
*d/b/a AMTRAK*

---

[2] Plaintiff anticipates additional depositions of defense witnesses, the identity and relevance of which may depend on what Lt. Rau testifies to.