UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CORY HARVEY, *as surviving spouse and personal representative of the estate of Keith Harvey, deceased, and on behalf of C.H.1 and C.H.2, surviving minor children of Keith Harvey*,

        Plaintiff,

     -against-

NATIONAL RAILROAD PASSENGER
CORPORATION, d/b/a AMTRAK, et al.,

        Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: ___12/17/25___

24-CV-8838 (LAK) (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

For the reasons discussed on the record during the December 16, 2025 status and discovery conference:

1.    <u>The Rail Incident Report</u>. No later than **December 19, 2025**, defendant LIRR must produce (a) the Department Level Preliminary Investigative Report described as part of Appendix A to LIRR's Rail Incident Report concerning the death of Keith Harvey (*see* Dkt. 43-1 at 16) and (b) the March 6, 2024 assessment findings that were to be "documented and drafted as a separate memorandum to" the Rail Incident Report. (*See id*. at 15.) The Court notes that the Rail Incident Report itself is watermarked "DRAFT." If any final (or more final) version of the document exists, it must also be produced no later than **December 19, 2025**. LIRR may not redact these documents on any basis other than privilege.

2.    <u>Sanctions</u>. No later than **December 19, 2025**, defendant LIRR and its counsel must SHOW CAUSE in writing why LIRR, its counsel, or both should not be sanctioned for failing to produce the Rail Incident Report until December 5, 2025. This was more than eight months after LIRR was served with document production requests to which the Rail Incident Report was squarely responsive, and two days after LIRR's Rule 30(b)(6) witness testified at deposition. The Court notes that, according to the Rail Incident Report itself, the

document was created on January 26, 2024 (eleven months before this action was filed) and was distributed, between January and June 2024, to multiple LIRR personnel, including the President, the Vice Presidents, the Department Heads, and the Investigation Committee. (*See* Dkt. 43-1 at 2.)

3.    <u>Other Reports Not Yet Produced</u>. Plaintiff has advised the Court that defendant Amtrak's Rule 30(b)(6) witness testified about a safety study conducted by LIRR and Amtrak that "looked specifically at whether railings should be added to the incident staircase." (Dkt. 43 at 3.) If such a study exists and has not yet been produced, defendants LIRR and Amtrak must, no later than **December 19, 2025**, (a) produce the study (with no redactions except for privilege) and (b) SHOW CAUSE in writing why they, their counsel, or both, should not be sanctioned for failing to produce it earlier.

4.    <u>30(b)(6) Depositions</u>. The parties must promptly meet and confer to (a) determine whether and when defendants will produce one or more better-prepared witnesses to testify concerning Rule 30(b)(6) topics #1, #2, and #3; (b) identify an appropriate witness to testify as to Rule 30(b)(6) topic #4; and (c) determine whether defendants will produce a Rule 30(b)(6) witness to testify as to topics #5 and #6 (or, in the alternative, whether defendants will withdraw their relevant affirmative defense). If the parties are unable to reach agreement, plaintiff may, no later than **January 9, 2026**, file a motion to compel additional Rule 30(b)(6) testimony and/or for related relief. Opposition papers will be due 14 days after service of the motion. Reply briefs will be due 7 days after service of the opposition.

5.    <u>Discovery Deadlines:</u> The Court hereby EXTENDS the fact discovery deadline to **January 30, 2026** for the limited purpose of allowing plaintiff to complete outstanding fact discovery, including the documents and Rule 30(b)(6) testimony discussed above. The Court hereby EXTENDS the expert discovery deadlines as follows: Expert reports are due

by **March 20, 2026**. Rebuttal reports (intended solely to contradict or rebut expert evidence on the same subject matter disclosed by the opposing party) are due by **April 20, 2026**. Depositions of experts (and any remaining expert discovery) must be completed by **May 20, 2026**.

6.    Settlement Efforts: No later than **January 29, 2026**, counsel of record for all parties must meet and confer in good faith*, in person*, for a minimum of thirty minutes, regarding settlement. Prior to conferring with each other, counsel must confer with their respective client(s) and request settlement authority.

7.    Status Conference: The Court will conduct a status conference (and, if necessary, will hear argument on plaintiff's motion regarding the Rule 30(b)(6) depositions) on **February 5, 2026 at 10:00 a.m**., in Courtroom 20A of the Daniel Patrick Moynihan United States Courthouse. The parties must submit a joint status update letter addressing the progress of discovery and settlement no later than **January 30, 2026**.

Dated:  New York, New York          **SO ORDERED.**
        December 17, 2025

 

_____
**BARBARA MOSES**
**United States Magistrate Judge**