UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  1/2/26

CORY HARVEY, *as surviving spouse and personal representative of the estate of Keith Harvey, deceased, and on behalf of C.H.1 and C.H.2, surviving minor children of Keith Harvey*,

    Plaintiff,

  -against-

NATIONAL RAILROAD PASSENGER CORPORATION, d/b/a AMTRAK, et al.,

    Defendants.

24-CV-8838 (LAK) (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

The Court has received and reviewed defendants' response (Dkt. 46) to the Court's December 17, 2025 Order (12/17/25 Order) (Dkt. 45), as well as plaintiff's reply letter (Dkt. 47). As plaintiff correctly notes, defendants have not fully complied with the 12/17/25 Order, which required, *inter alia*, that defendants do the following things by December 19, 2025:

(a)  produce two documents described within the LIRR Rail Incident Report (Dkt. 43-1), as well as any "final (or more final) version" of the Rail Incident Report itself, if it exists;

(b)  produce the LIRR/Amtrak safety study described by Amtrak's Rule 30(b)(6) witness, if it exists; and

(c)  show cause in writing why defendants and/or their counsel should not be sanctioned for failing to produce the LIRR/Amtrak safety study earlier.

12/17/25 Order ¶¶ 1, 3. Counsel's December 19, 2025 letter does not address any of these issues.

Plaintiff is also correct that defendants' explanation as to why the Rail Incident Report was not produced until December 5, 2025 (more than eight months after defendants were served with document production requests to which the Rail Incident Report was squarely responsive) raises more questions than it answers. Defendants' counsel states that she "requested that the LIRR Safety Department conduct a search" for any relevant reports, but that "no documents were found by this

specific department" because it "did not create" the Rail Incident Report. (Dkt. 46 at 1-2.) Counsel does not explain why she confined her request to the Safety Department. Nor does she explain why the Rail Incident Report was not found by the Safety Department, given that the report self-identifies (at the top of each page) as a report of the LIRR Corporate Safety Department, and identifies four members of the Corporate Safety Department (G. Boertzel, M. Frascella, F. Moreau, and A. Taveras) as members of the Final Investigation Committee responsible for the report. (Dkt. 43-1 at 7.) [1]

No later than **January 6, 2026**, defendants must:

(i)     confirm, in writing, that all documents identified in the Court's 12/17/25 Order have been produced;

(ii)    show cause, in writing, regarding the LIRR/Amtrak safety study (if it exists but was not timely produced); and

(iii)   provide a more detailed explanation, in writing, as to why the Rail Incident Report was not located sooner. Counsel should explain, among other things, why she confined her search request to the Safety Department; why the Rail Incident Report was not located within the Safety Department; and whether the Safety Department and the Corporate Safety Department are one and the same.

Dated: New York, NY               **SO ORDERED.**
       January 2, 2026

**BARBARA MOSES**
**United States Magistrate Judge**

---

[1] Additionally, B. Jenkins of the Corporate Safety Department was one of the "LIRR Incident Responders." (Dkt. 43-1 at 8.)