```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:   05/22/26
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CORY HARVEY, *as surviving spouse and personal representative of the estate of Keith Harvey, deceased, and on behalf of C.H.1 and C.H.2, surviving minor children of Keith Harvey*,

        Plaintiff,

    -against-

NATIONAL RAILROAD PASSENGER CORPORATION, d/b/a AMTRAK, et al.,

        Defendants.

---

24-CV-8838 (LAK) (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

By letter-motion dated May 8, 2026 (Def. Mot.) (Dkt. 70), defendants seek a protective order relieving them of the obligation to respond to plaintiff's requests for admission (Dkt. 70-1) (RFAs), served April 16, 2026, because they were propounded too late – just one day before the April 17, 2026 fact discovery cut-off set by this Court. In her opposition letter, dated May 12, 2026, plaintiff argues that many of the RFAs "center around facts recently made known," including facts "revealed through" the deposition of Marc Frascella, which did not take place until April 15, 2026. Pl. Opp. (Dkt. 71) at 3. In addition, plaintiff uses her opposition letter to seek an order compelling defendants to produce certain documents concerning their system-wide safety plans (Safety Plan Documents). *Id.* at 4. In their reply letter, dated May 14, 2026, defendants reiterate that plaintiff's RFAs are untimely and argue that plaintiff is not entitled to the Safety Plan Documents because they are "outside of the scope of discovery," as previously narrowed by this Court; because plaintiff's motion to compel is untimely; and because the documents sought are privileged. Def. Reply (Dkt. 72) at 2-3. For the reasons set forth below, the Court will grant defendants' motion for a protective order as to the RFAs and deny plaintiff's request, construed as a cross-motion, to compel production of the Safety Plan Documents.

**Defendants' Motion**

This Court's Initial Case Management Order, issued on February 27, 2025, set various discovery deadlines – including a deadline for the completion of all fact discovery – and reminded the parties that all discovery requests "must be served in time to allow the person served to respond, on the schedule set forth in the Federal Rules of Civil Procedure, prior to the completion date for such discovery set forth above." ICM Order (Dkt. 23) ¶ 8. Thereafter, the Court extended the fact discovery deadline several times, most recently on March 18, 2026, when the deadline was extended to April 17, 2026, "for the limited purpose of allowing defendants to satisfy their outstanding discovery obligations to plaintiff." 3/18/26 Order (Dkt. 69) at 1. Nonetheless, plaintiff waited until April 16, 2026 to serve her RFAs. This was untimely. *See* Fed. R. Civ. P. 36(a)(3) (parties have 30 days to respond to RFAs).

Plaintiff first suggests that because an RFA is "a procedure for obtaining admissions for the record of facts already known by the seeker," *Versatile Housewares v. SAS Grp.*, 2010 WL 11601225, at *1 (S.D.N.Y. July 15, 2010), rather than a traditional "discovery device," *T. Rowe Price Small-Cap Fund, Inc. v. Oppenheimer & Co.*, 174 F.R.D. 38, 42 (S.D.N.Y. 1997), paragraph 8 of the ICM Order did not apply to her RFAs. Pl. Opp. at 2. Defendants are correct, however, that "the majority of courts," including this Court, "have concluded that requests for admissions should be subject to case management discovery deadlines." *Brodeur v. McNamee*, 2005 WL 1774033, at *2 (N.D.N.Y. July 27, 2005) (collecting cases); *see also* Order, ECF No. 114, *Robinson v. New York City Transit Auth.*, No. 19-CV-1401 (AT) (BCM) (S.D.N.Y. July 31, 2020) (citing *Brodeur* and concluding that defendants "need not respond" to RFAs served 15 days prior to the fact discovery schedule).

Plaintiff next argues that "extraordinary circumstances" – including the fact that Frascella

2

could not sit for deposition until April 15, 2026 – warranted her late service of the RFAs. Pl. Opp. at 3. If so, plaintiff should have requested a further extension of the discovery schedule, for this purpose, *before* the deadline expired. *See* ICM Order ¶ 15 ("Any application for extension or adjournment of the time limits, deadlines or conferences set forth above must be made by letter-motion, in accordance with this Court's Individual Practices, as soon as the need for the extension or adjournment is reasonably apparent to the party making the application. **Applications made after the expiration of the deadline in question may be summarily denied**.") (emphasis in original); *McKay v. Triborough Bridge & Tunnel Auth.*, 2007 WL 3275918, at *1 (S.D.N.Y. Nov. 5, 2007) ("A party seeking relief from the discovery schedule . . . must make an application to the Court demonstrating why good cause exists to modify the schedule.").

In any event, most of plaintiff's RFAs are not in fact "related to matters Mr. Frascella testified to at his deposition." Pl. Opp. at 2. For example, as defendants point out, "Plaintiff's RFAs No. 2-15 concern their general theories of the case," Def. Reply at 2 n.2, and could have been propounded well in advance of the fact discovery deadline. Likewise, plaintiff's RFA No. 1 asked defendants to admit to the authenticity and admissibility of 31 different documents, most of which were produced in discovery long before the Frascella deposition. *Id.*

I note as well that when a party uses RFAs "at the completion of the pretrial discovery phase," as plaintiff sought to do here, "their sole purpose is to streamline the presentation of evidence at trial." *T. Rowe Price Small-Cap Fund*, 174 F.R.D. at 43. In this case, plaintiff will have ample opportunity to streamline the evidence for trial – and seek functionally the same concessions from defendants – when the parties prepare their Joint Pretrial Order. *See* Hon. Lewis A. Kaplan, *Individual Rules of Practice* (April 18, 2020),[1] at 9-10 (form of pretrial order, which includes a

---

[1] Available at https://nysd.uscourts.gov/hon-lewis-kaplan.

section for "stipulated facts" and another section for "stipulations with respect to the authenticity and admissibility of exhibits"). I thus reject plaintiff's contention that "fairness requires" the Court to overlook her failure to serve her RFAs in accordance with the ICM Order. Pl. Opp. at 3.

**<u>Plaintiff's Motion</u>**

On September 3, 2025, plaintiff moved to compel defendants to produce, *inter alia*, documents responsive to plaintiff's Request for Production (RFP) No. 20, which sought "[a]ny and all prior studies and/or analyses of platform safety concerning any of the platforms at New York Penn Station." *See* Dkt. 33-1 at 3; Dkt. 33-2 at 3. By order dated October 6, 2026, the Court granted plaintiff's motion to compel discovery as to RFP No. 20, but only insofar as the non-privileged responsive documents "concern the subject platform, staircase, or barrier." 10/6/26 Order (Dkt. 40) at 1. The subject platform is Platform 9, between Track 17 and Track 18, at Penn Station. *See* Compl. (Dkt. 1-2) ¶ 32.

Plaintiff argues that the Safety Plan Documents now at issue "concern safety within Penn Station which necessarily includes Platform 9 within the plan." Pl. Opp. at 4. Defendants respond that the Safey Plan Documents concern "general, system-wide safety plans" submitted to the Federal Railroad Administration (FRA), and are thus "plainly outside the limits imposed by the Court." Def. Reply at 3. Defendants add that plaintiff "has repeatedly been advised that there are no prior studies and analyses of the subject area." *Id.*

Defendants have the better end of the dispute. Plaintiff already has Amtrak's System Safety Program Plan, which is a publicly-available document that addresses "safety, compliance & training" across the entire Amtrak system. *See* Pl. Opp. Ex. B, at ECF pp. 6-111. Unsurprisingly, the System Safety Program Plan does not specifically discuss Platform 9 at Penn Station, much less the specific staircase and barrier at issue in this action. Nonetheless, plaintiff now seeks the

FRA's response to Amtrak's System Safety Program Plan (which is not publicly available), as well as any similar plan "submitted by the LIRR, with a corresponding FRA response." Pl. Opp. Ex. B. at ECF p. 2. These high-level, system-wide documents are not responsive to RFP No. 20, as narrowed by the Court in the 10/6/26 Order. Consequently, defendants need not produce them. The Court does not reach defendants' remaining arguments concerning the Safety Plan Documents.

## Conclusion

For these reasons, defendants' motion for a protective order (Dkt. 70) is GRANTED. Defendants need not respond to plaintiff's RFAs. Plaintiff's cross-motion for an order compelling defendants to produce additional Safety Plan Documents (Dkt. 71) is DENIED.

Dated: New York, NY          **SO ORDERED.**
       May 22, 2026

_____

**BARBARA MOSES**
**United States Magistrate Judge**

5